IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROSYLEN FEDD, | ) |
|       Plaintiff, | ) No. 2:22-cv-1149 |
| vs. | ) Judge Robert J. Colville |
| NICHOLAS POWELL, in his Individual Capacity as a Police Officer for the City of Washington Police Department and FIRST NAME UNKNOWN POWELL, in his Individual Capacity as a Police Officer for the City of Washington Police Department, | ) |
|       Defendants, | |

## MEMORANDUM OPINION

Robert J. Colville, United States District Judge

Before the Court is the Motion to Dismiss (ECF No. 14) filed by Defendants Nicholas Powell, in his Individual Capacity as a Police Officer for the City of Washington Police Department ("Defendant Powell") and First Name Unknown Powell, in his Individual Capacity as a Police Officer for the City of Washington Police Department along with the Brief in Support (ECF No. 15). Defendants seeks dismissal with prejudice of all claims set forth in Plaintiff Rosylen Fedd's two-count Complaint. (ECF No. 1). Plaintiff filed a Brief in Response (ECF No. 17). Defendants' Motion to Dismiss has been fully briefed and is ripe for disposition.

I. **Introduction and Factual Background**

   A. **Procedural History**

This 42 U.S.C. § 1983 claim was initiated by Plaintiff on August 8, 2022, with the filing of a Complaint. Count I alleges that under the State Created Danger theory, Plaintiff had a

constitutional right under the Fourteenth Amendment and 42 U.S.C. § 1983 to be free from Defendant Powell, by affirmative acts, from creating or increasing the risk of danger to Plaintiff. Compl. ¶ 28. Count II alleges that Defendant Powell used excessive force in violation of the Fourth Amendment. *Id.* at ¶ 42.

### B. Factual Background

In the Complaint, Plaintiff sets fort the following factual allegations relevant to the Court's consideration of the Motion at issue.

On August 9, 2020, Plaintiff was working at the Get-Go location on Wylie Avenue in Washington, Pennsylvania. Compl. ¶ 8. On that day, an individual named Jesse Charnik entered the store after allegedly stealing a bicycle. *Id.* Defendant Nicholas Powell and his partner, Patrolman Paul Becker, then entered the store in pursuit of Mr. Charnik. *Id.* at ¶ 9. Plaintiff alleges that Mr. Charnik did not have a weapon and only made passive resistance, not active. *Id.* at ¶¶ 13-14.

Upon hearing commotion, Plaintiff went to see what was going on between the officers and Mr. Charnik. *Id.* at ¶ 16. She was unable to see them because they were located on the other side of a doorway. *Id.* at ¶ 17. When Plaintiff approached the doorway, Mr. Charnik broke free from the officers and moved through the doorway towards Plaintiff. *Id.* at ¶ 18. Defendant Powell then fired one shot towards Mr. Charnik, which missed Mr. Charnik "by mere inches" and Plaintiff "by mere inches." *Id.* at ¶ 19-20. Plaintiff then moved out of the way of the officers and sustained injuries to her arms, legs, and hip. *Id.* at ¶ 21. The officers then apprehended Mr. Charnik and took him into custody. *Id.* at ¶ 22. As a result of the use of force by Defendant Powell, Plaintiff sustained the following injuries: terror; fright; emotional distress; severe emotional distress; the very real fear of being shot; the fear of dying; anxiety; mental anguish; injuries to her arms, legs,

and hip area; medical bills; loss of the enjoyment of life and life's pleasures; and the loss of back pay/benefits. *Id.* at ¶ 25.

Plaintiff alleges at Count I that under the State Created Danger theory, Plaintiff had a constitutional right under the Fourteenth Amendment and 42 U.S.C. § 1983 to be free from Defendant Powell, by affirmative acts, from creating or increasing the risk of danger to Plaintiff. Specifically, Plaintiff alleges that Mr. Charnik did not present a danger to her while he was in the store and that it was Defendant Powell who increased the risk of harm to Plaintiff when he unreasonably shot at Mr. Charnik. *Id.* at ¶ 30. Further, Plaintiff alleges that Defendant Powell failed to protect her from danger and placed her at risk of being shot. *Id.* at ¶¶ 32-33.

Plaintiff alleges at Count II that Defendant Powell used excessive force in violation of the Fourth Amendment. Specifically, Plaintiff alleges that Defendant Powell used excessive force when he shot at Mr. Charnik while Plaintiff was in the line of fire. *Id.* at ¶ 43. Plaintiff alleges the use of force was unreasonable because Mr. Charnik was not armed, posed no threat of harm, and only engaged in passive resistance. *Id.* at ¶ 45.

**II.     Legal Standard**

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). In deciding a motion to dismiss, the court is not opining on whether the plaintiff will likely prevail on the merits; rather, when considering a motion to dismiss, the court accepts as true all well-pled factual allegations in the complaint and views them in a light most favorable to the plaintiff. *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002). While a complaint does not need detailed factual allegations to survive a Rule 12(b)(6) motion to dismiss, a complaint must provide more than labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A

"formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Supreme Court of the United States has explained:

> The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Id.* (quoting *Twombly*, 550 U.S. at 556) (internal citations omitted).

The United States Court of Appeals for the Third Circuit instructs that "a court reviewing the sufficiency of a complaint must take three steps." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). The court explained:

> First, it must "tak[e] note of the elements [the] plaintiff must plead to state a claim." *Iqbal*, 556 U.S. at 675. Second, it should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679; *see also Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of truth." (citation and editorial marks omitted)). Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

*Connelly*, 809 F.3d at 787. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (internal citations omitted).

In addition to reviewing the facts contained in the complaint, a court may consider "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994). When a document integral to or relied upon in the complaint is included, the court may also consider that document. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

### III. Discussion

Defendant seeks dismissal of Counts I and II of the Complaint. Plaintiff argues Defendant's Motion to Dismiss should be denied as to these claims.

#### A. Count I

It is well established that by itself, § 1983 does not create any rights, and instead provides a remedy for violations of those rights created by the Constitution or federal law. *See Baker v. McCollan*, 443 U.S. 137, 144 (1979). Therefore, in order for a plaintiff to state a claim, the "plaintiff must show that defendants, acting under the color of state law, deprived him of a right secured by the Constitution or the laws of the United States." *Morse v. Lower Merion School Dist.*, 132 F.3d 902, 907 (3d Cir. 1997) (citing *Parratt v. Taylor*, 541 U.S. 527, 535 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986)). Here, Plaintiff alleges that Defendants violated her Fourteenth Amendment right to substantive due process under the state created danger theory.

The state created danger theory is an exception to the general rule that "governments and government actors do not have an affirmative obligation to protect citizens from violations of life, liberty, or property committed by private actors." *McGhee v. City of Philadelphia*, No. Civ.A.02-8992, 2003 WL 22518759, at *2 (E.D. Pa. Oct. 23, 2003) (citing *DeShaney v. Winnebago County*

*Dep't of Soc. Serv*, 489 U.S. 189, 196 (1989)).  When evaluating whether a plaintiff has asserted a claim under the state created danger theory, the Third Circuit articulated a four-part test finding that a state actor is liable if:

> (1) the harm ultimately caused was foreseeable and fairly direct; (2) the state actor acted in willful disregard for the safety of the plaintiff; (3) there existed some relationship between the state and the plaintiff; (4) the state actors used their authority to create an opportunity that otherwise would not have existed for the third party's crime to occur.

*Mark v. Borough of Hatboro*, 51 F.3d 1137, 1152 (3d Cir. 1995).

Defendants argue that Plaintiff has failed to establish any facts that would satisfy any of these four elements.  Mot. 7.  Specifically, Defendants argue that there was no actual harm to Plaintiff, any purported harm to Plaintiff was not foreseeable to Defendants, any purported harm was not intended or directed at Plaintiff, and Defendants' actions did not meet the conscience shocking standard articulated by the Third Circuit.  *Id.* at 9.  Plaintiff argues that she has asserted facts that support all four elements of this claim.  Resp. 2-3.

The Court finds that there is a substantial question as to whether Plaintiff can assert a state created danger claim that has not been asserted by Defendants in their Motion to Dismiss.  The Court has reviewed case law that provides that a cause of action brought under the state created danger theory must involve harm inflicted by a private actor, and not a state actor.  *See McGhee*, 2003 WL 22518759, at *2 (holding that the state created danger exception did not apply when the act of violence was committed by a public actor and not a private citizen); *see also Jowett v. Churchill*, No. 20-13083, 2021 WL 3879084, at *7 (D. N.J. Aug. 31, 2021) (holding that the plaintiff could not establish a state created danger claim because the state created danger theory is an exception to the "rule that the state has no duty to protect its citizens from <u>private harms</u>" and "[a] public employee, acting as a state actor, cannot cause a 'private harm'") (emphasis in original);

6

*see also A.B. v. Vineland Board of Education*, Civil No. 17-11509, 2019 WL 2354609, at * (D. N.J. June 4, 2019) (dismissing the plaintiff's state created danger claim where the act of violence was committed by a state actor).  Therefore, the Court directs the parties to file additional briefing on this issue and particularly whether, given the allegations in Plaintiff's Complaint, a state created danger claim can be brought when the alleged harm was caused by a state actor.  The Court will defer ruling on the remainder of Defendants' arguments and a briefing schedule will be set forth in a separate Order.

### B.  Count II

The Fourth Amendment provides that "[t]he right of the people to be secure in their persons . . . against unreasonable searches and seizures, shall not be violated."  Therefore, "[t]o state a claim for excessive force as an unreasonable seizure under the Fourth Amendment, a plaintiff must show that a 'seizure' occurred and that it was unreasonable." *Abraham v. Raso*, 183 F.3d 279, 288 (3d Cir. 1999).

Defendants argue that Count II should be dismissed because Plaintiff cannot "prove that she was the intended target of the force used." Mot. 11.  Defendants argue, correctly, that in order for a seizure to occur, the action must have been intentional and that because Defendant Powell did not intend to shoot Plaintiff, she cannot state a claim under the Fourth Amendment. *Id.* Plaintiff argues that she has pled the shooting was intentional and, that even if the shooting was accidental, it can still be considered excessive force under certain circumstances. Resp. 3.  Plaintiff does not point the Court to any case where a court has found a seizure occurred under the circumstances as described in the Complaint, and the Court has not found any.

Instead, the Supreme Court in *Brower v. County of Inyo*, 489 U.S. 593 (1989), held that a

> [v]iolation of the Fourth Amendment requires an intentional acquisition of physical control.  A seizure occurs even when an unintended person or thing is the object of

the detention or taking, *see Hill v. California*, 401 U.S. 797, 802-805, 91 S.Ct. 1106, 1110-1111, 28 L.Ed.2d 484 (1971); cf. *Maryland v. Garrison*, 480 U.S. 79, 85-89, 107 S.Ct. 1013, 1017-1020, 94 L.Ed.2d 72 (1987), but the detention or taking itself must be willful. This is implicit in the word "seizure," which can hardly be applied to an unknowing act.

489 U.S. at 596.

The Third Circuit and various other Circuits have addressed the issue and have clearly found that the accidental shooting of a bystander does not give rise to a Fourth Amendment violation. *See Berg v. County of Allegheny*, 219 F.3d 261, (3d Cir. 2000) ("[I]f a police officer fires his gun at a fleeing robbery suspect and the bullet inadvertently strikes an innocent bystander, there has been no Fourth Amendment seizure. If, on the other hand, the officer fires his gun directly at the innocent bystander in the mistaken belief that the bystander is the robber, then a Fourth Amendment seizure has occurred."); *see also Troublefield v. City of Harrisburg, Bureau of Police*, 789 F. Supp. 160, (M.D. Pa. 1992) (holding no seizure occurred when the officer accidentally shot a bystander); *see also Corbitt v. Vickers*, 929 F.3d 1304, 1315-19 (11th Cir. 2019) (finding no seizure when the officer accidently shot a child bystander instead of the intended target—a dog); *see also Schultz v. Braga*, 455 F.3d 470, 479-81 (4th Cir. 2006) (finding no seizure when officer did not intend to shoot the plaintiff and instead intended to shoot her passenger); *see also Childress v. City of Arapaho*, 210 F.3d 1154, 1156-57 (10th Cir. 2000) (holding no seizure occurred when officers injured hostages instead of the individuals responsible); *see also Medeiros v. O'Connell*, 150 F.3d 164, 167-70 (2d Cir. 1998) (same); *see also Landol-Rivera v. Cruz Cosme*, 906 F.2d 791, 795-96 (1st Cir. 1990) (same).

Here, while it is true that Plaintiff alleges the attempted shooting itself was intentional, she does not allege that Defendants intended to shoot her knowing who she was or even under the mistaken belief that she was the suspect, which the Court considers to be an important distinction.

Instead, Plaintiff clearly alleges that Mr. Charnik was the intended target of the shooting. The case law is clear that in order to assert a Fourth Amendment violation, Plaintiff must allege that she was the intended target of the shooting, which she has not. Further, based on the facts known to the Court, the Court cannot conceive any basis currently by which Plaintiff could allege she was the intended target of the shooting. Therefore, Count II is dismissed.

### IV. Conclusion

For the reasons discussed above, the Court will defer ruling on Defendants' arguments concerning Count I and directs the parties to file additional briefing addressing the question raised by the Court. The Court will grant Defendants' motion to dismiss as to Count II without prejudice. An appropriate Order of Court will follow.

BY THE COURT:

*/s/Robert J. Colville*
Robert J. Colville
United States District Judge

DATED: August 8, 2023

cc/ecf: All counsel of record