## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROSYLEN FEDD,                                  )
                                               )   No. 2:22-cv-1149
            Plaintiff,              )
                                               )
      vs.                              )   Judge Robert J. Colville
                                               )
NICHOLAS POWELL, in his Individual             )
Capacity as a Police Officer for the City of   )
Washington Police Department and FIRST         )
NAME UNKNOWN POWELL, in his                    )
Individual Capacity as a Police Officer for    )
the City of Washington Police Department,      )

            Defendants,

## MEMORANDUM OPINION

Robert J. Colville, United States District Judge

      Before the Court is the Motion to Dismiss (ECF No. 14) filed by Defendants Nicholas

Powell, in his Individual Capacity as a Police Officer for the City of Washington Police

Department ("Defendant Powell") and First Name Unknown Powell, in his Individual Capacity as

a Police Officer for the City of Washington Police Department.  Defendants' Motion to Dismiss

has been fully briefed and is ripe for disposition.

### I.    Introduction and Factual Background

#### A.  Procedural History

      This 42 U.S.C. § 1983 claim was initiated by Plaintiff on August 8, 2022, with the filing

of a Complaint.  Count I alleges that under the State Created Danger theory, Plaintiff had a

constitutional right under the Fourteenth Amendment and 42 U.S.C. § 1983 to be free from

Defendant Powell, by affirmative acts, from creating or increasing the risk of danger to Plaintiff.

Compl. ⁋ 28.  Count II alleges that Defendant Powell used excessive force in violation of the Fourth Amendment.  *Id.* at ⁋ 42.

On October 14, 2022, Defendants filed their Motion to Dismiss (ECF No. 14) along with their Brief in Support (ECF No. 15).  On November 3, 2022, Plaintiff filed her Brief in Opposition. ECF No. 17.

The Court issued its August 8, 2023, Memorandum Opinion (ECF No. 18) and Order (ECF No. 19) granting Defendants' Motion to Dismiss Count II, without prejudice.  As to Count I, the Court ordered additional briefing surrounding the question of whether Plaintiff can assert a state created danger claim where the harm alleged in the Complaint was inflicted by a state actor, and not a private actor.  ECF Nos. 18-19.  The Court deferred addressing the remainder of the parties' arguments concerning Count I.

On September 7, 2023, Defendants filed their Supplemental Brief (ECF No. 20) in Support of their Motion to Dismiss.  On October 12, 2023, Plaintiff filed her Supplemental Brief (ECF No. 23) in Opposition.  On October 19, 2023, Defendants filed their Reply Brief.  ECF No. 24.  The matter is now ripe for disposition.

### B.  Factual Background

The Court detailed the relevant facts in its August 8, 2023 Memorandum Opinion (ECF No. 18) and incorporates them here for reference.

On August 9, 2020, Plaintiff was working at the Get-Go location on Wylie Avenue in Washington, Pennsylvania.  Compl. ⁋ 8.  On that day, an individual named Jesse Charnik entered the store after allegedly stealing a bicycle.  *Id.*  Defendant Nicholas Powell and his partner, Patrolman Paul Becker, then entered the store in pursuit of Mr. Charnik.  *Id.* at ⁋ 9.  Plaintiff alleges that Mr. Charnik did not have a weapon and only made passive resistance, not active.  *Id.* at ⁋⁋ 13-14.

Upon hearing commotion, Plaintiff went to see what was going on between the officers and Mr. Charnik.  *Id.* at ⁋ 16.  She was unable to see them because they were located on the other side of a doorway.  *Id.* at ⁋ 17.  When Plaintiff approached

the doorway, Mr. Charnik broke free from the officers and moved through the doorway towards Plaintiff. *Id.* at ¶ 18. Defendant Powell then fired one shot towards Mr. Charnik, which missed Mr. Charnik "by mere inches" and Plaintiff "by mere inches." *Id.* at ¶ 19-20. Plaintiff then moved out of the way of the officers and sustained injuries to her arms, legs, and hip. *Id.* at ¶ 21. The officers then apprehended Mr. Charnik and took him into custody. *Id.* at ¶ 22. As a result of the use of force by Defendant Powell, Plaintiff sustained the following injuries: terror; fright; emotional distress; severe emotional distress; the very real fear of being shot; the fear of dying; anxiety; mental anguish; injuries to her arms, legs, and hip area; medical bills; loss of the enjoyment of life and life's pleasures; and the loss of back pay/benefits. *Id.* at ¶ 25.

Plaintiff alleges at Count I that under the State Created Danger theory, Plaintiff had a constitutional right under the Fourteenth Amendment and 42 U.S.C. § 1983 to be free from Defendant Powell, by affirmative acts, from creating or increasing the risk of danger to Plaintiff. Specifically, Plaintiff alleges that Mr. Charnik did not present a danger to her while he was in the store and that it was Defendant Powell who increased the risk of harm to Plaintiff when he unreasonably shot at Mr. Charnik. *Id.* at ¶ 30. Further, Plaintiff alleges that Defendant Powell failed to protect her from danger and placed her at risk of being shot. *Id.* at ¶¶ 32-33.

Plaintiff alleges at Count II that Defendant Powell used excessive force in violation of the Fourth Amendment. Specifically, Plaintiff alleges that Defendant Powell used excessive force when he shot at Mr. Charnik while Plaintiff was in the line of fire. *Id.* at ¶ 43. Plaintiff alleges the use of force was unreasonable because Mr. Charnik was not armed, posed no threat of harm, and only engaged in passive resistance. *Id.* at ¶ 45.

ECF No. 18, pp. 1-2.

## II.   Legal Standard

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). In deciding a motion to dismiss, the court is not opining on whether the plaintiff will likely prevail on the merits; rather, when considering a motion to dismiss, the court accepts as true all well-pled factual allegations in the complaint and views them in a light most favorable to the plaintiff. *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002). While a complaint does not need detailed factual allegations to survive a Rule 12(b)(6) motion to dismiss, a complaint must provide

more than labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A "formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Supreme Court of the United States has explained:

> The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Id.* (quoting *Twombly*, 550 U.S. at 556) (internal citations omitted).

The United States Court of Appeals for the Third Circuit instructs that "a court reviewing the sufficiency of a complaint must take three steps." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). The court explained:

> First, it must "tak[e] note of the elements [the] plaintiff must plead to state a claim." *Iqbal*, 556 U.S. at 675. Second, it should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679; *see also Burch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of truth." (citation and editorial marks omitted)). Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

*Connelly*, 809 F.3d at 787. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (internal citations omitted).

4

In addition to reviewing the facts contained in the complaint, a court may consider "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994). When a document integral to or relied upon in the complaint is included, the court may also consider that document. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

### III.    Discussion

At issue is Defendants' Motion to Dismiss Count I.  It is well established that by itself, § 1983 does not create any rights, and instead provides a remedy for violations of those rights created by the Constitution or federal law.  *See Baker v. McCollan*, 443 U.S. 137, 144 (1979).  Therefore, in order for a plaintiff to state a claim, the "plaintiff must show that defendants, acting under the color of state law, deprived him of a right secured by the Constitution or the laws of the United States." *Morse v. Lower Merion School Dist.*, 132 F.3d 902, 907 (3d Cir. 1997) (citing *Parratt v. Taylor*, 541 U.S. 527, 535 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986)).  Here, Plaintiff alleges that Defendants violated her Fourteenth Amendment right to substantive due process under the state created danger theory.

The state created danger theory is an exception to the general rule that "governments and government actors do not have an affirmative obligation to protect citizens from violations of life, liberty, or property committed by private actors." *McGhee v. City of Philadelphia*, No. Civ.A.02-8992, 2003 WL 22518759, at *2 (E.D. Pa. Oct. 23, 2003) (citing *DeShaney v. Winnebago County Dep't of Soc. Serv*, 489 U.S. 189, 196 (1989)).  When evaluating whether a plaintiff has asserted a claim under the state created danger theory, the Third Circuit articulated a four-part test finding that a state actor is liable if:

(1) the harm ultimately caused was foreseeable and fairly direct; (2) a state actor acted with a degree of culpability that shocks the conscience; (3) a relationship between the state and the plaintiff existed such that the plaintiff was a foreseeable victim of the defendant's acts, or a member of a discrete class of persons subjected to the potential harm brought about by the state's actions, as opposed to a member of the public in general; and (4) a state actor affirmatively used his or her authority in a way that created a danger to the citizen or that rendered the citizen more vulnerable to danger than had the state not acted at all.

*L.R. V. School District of Philadelphia*, 836 F.3d 235, 242 (3d Cir. 2016).

In it's August 8, 2023 Memorandum Opinion, the Court stated the following as to the state

created danger claim:

> Defendants argue that Plaintiff has failed to establish any facts that would satisfy any of these four elements. Mot. 7. Specifically, Defendants argue that there was no actual harm to Plaintiff, any purported harm to Plaintiff was not foreseeable to Defendants, any purported harm was not intended or directed at Plaintiff, and Defendants' actions did not meet the conscience shocking standard articulated by the Third Circuit. *Id.* at 9. Plaintiff argues that she has asserted facts that support all four elements of this claim. Resp. 2-3.
>
> The Court finds that there is a substantial question as to whether Plaintiff can assert a state created danger claim that has not been asserted by Defendants in their Motion to Dismiss. The Court has reviewed case law that provides that a cause of action brought under the state created danger theory must involve harm inflicted by a private actor, and not a state actor. *See McGhee*, 2003 WL 22518759, at *2 (holding that the state created danger exception did not apply when the act of violence was committed by a public actor and not a private citizen); *see also Jowett v. Churchill*, No. 20-13083, 2021 WL 3879084, at *7 (D. N.J. Aug. 31, 2021) (holding that the plaintiff could not establish a state created danger claim because the state created danger theory is an exception to the "rule that the state has no duty to protect its citizens from <u>private harms</u>" and "[a] public employee, acting as a state actor, cannot cause a 'private harm'") (emphasis in original); *see also A.B. v. Vineland Board of Education*, Civil No. 17-11509, 2019 WL 2354609, at * (D. N.J. June 4, 2019) (dismissing the plaintiff's state created danger claim where the act of violence was committed by a state actor). Therefore, the Court directs the parties to file additional briefing on this issue and particularly whether, given the allegations in Plaintiff's Complaint, a state created danger claim can be brought when the alleged harm was caused by a state actor. The Court will defer ruling on the remainder of Defendants' arguments and a briefing schedule will be set forth in a separate Order.

ECF No. 18, pp. 6-7.

Therefore, the Court will first address whether Plaintiff can assert a state created danger claim where the alleged harm was inflicted by a state actor, and not a private actor, before addressing the parties' remaining arguments.

Plaintiff argues that a state created danger claim may be asserted "where a state actor uses their authority to: create a dangerous situation" or "to make the Plaintiff more vulnerable to harm than the Plaintiff otherwise was." Pl. Sup. Br. 3. Upon reviewing the case law cited by Plaintiff, the Court now agrees.

As the Court stated in its August 8, 2023 Memorandum Opinion, numerous district courts in this Circuit have held that a state created danger claim cannot be brought when the harm to the plaintiff was inflicted by a state actor, and not a private actor. However, as argued by Plaintiff, the Third Circuit has made clear that it has "recognized that the Due Process Clause can impose an affirmative duty to protect if the *state's own actions create* the very danger that causes the plaintiff's injury." *Morrow v. Balaski*, 713 F.3d 160, 167 (3d Cir. 2013) (emphasis added). Further, in *Sauers v. Borough of Nesquehoning*, 905 F.3d 711 (3d Cir. 2018), the Third Circuit held that the plaintiff adequately pled a state created danger claim on similar facts to those at issue here. In *Sauers*, the plaintiff alleged that a police officer, upon observing a minor traffic violation, conducted a high-speed chase driving at over 100 miles-per-hour. 713 F.3d at 716. The plaintiff further alleged that the police officer, driving recklessly, crashed into the plaintiff's car, seriously injuring the plaintiff and killing his wife. *Id.* In finding that the plaintiff pled a state created danger claim, the Third Circuit noted that the state created danger "doctrine embodies the principle that the government has an obligation under the Fourteenth Amendment's Due Process Clause 'to protect individuals against dangers that the government itself creates.'" *Id.* at 717 (citing *Haberle v. Troxell*, 885 F.3d 170, 176 (3d Cir. 2018)). Therefore, the Court finds that Plaintiff may assert

a state created danger claim even where the harm was inflicted by a state actor, and not a private actor.

The Court now turns to whether Plaintiff has adequately pled the elements of a state created danger claim. As stated above, Defendants argue that Plaintiff has failed to establish any facts that would satisfy any of the four elements of a state created danger claim. Mot. 7. Specifically, Defendants argue that there was no actual harm to Plaintiff; any purported harm to Plaintiff was not foreseeable to Defendants; any purported harm was not intended or directed at Plaintiff; and Defendants' actions did not meet the conscience shocking standard. *Id.* at 9. Plaintiff argues that she has asserted facts that support all four elements of this claim. Resp. 2-3.

Turning to the first element, that the harm caused was foreseeable and direct, this Court has explained that

> foreseeability "requires that officials were actually aware, and thus on notice, of the risk of the harm." [*Dorley v. South Fayette Tp. School Dist.*, 129 F. Supp. 3d 220, 233 (W.D. Pa. 2015)] (citing *Henry v. City of Erie*, 728 F.3d 275, 282 (3d Cir. 2013)); *Gremo v. Karlin*, 363 F. Supp. 2d 771, 784 (E.D. Pa. 2005) ("Under Third Circuit jurisprudence, a harm is foreseeable when a state actor has actual awareness, based on concrete information, of a risk of harm to an individual or class of individuals such that the actor is on notice that his or her act or failure to act significantly enhances that risk of harm."). "Fairly direct" refers to actions that cannot be "separated from the ultimate harm by a lengthy period of time and intervening forces and actions." *Id.* (quoting *Henry*, 728 F.3d at 285) (internal quotations omitted).

*Keener v. Hribal*, 351 F. Supp. 3d 956, 971 (W.D. Pa. 2018).

Here, in reviewing the Complaint, the Court finds that Plaintiff clearly alleges that the harm to her was "foreseeable and fairly direct" because Plaintiff alleges that "Defendant Powell knew there was someone in the line of fire when he shot at Charnik." Compl. ¶ 31. Further, Plaintiff alleges that "Defendant Powell knew or should have known that unreasonably shooting at Charnik

endangered/would endanger [Plaintiff]." *Id.* at ¶ 34.  Therefore, the Court finds that Plaintiff has adequately pled element one.

As to the second element of a state created danger claim, the parties disagree as to what standard applies for determining whether Defendant's actions shock the conscience.   When determining what standard to apply, the Third Circuit has provided the following:

> The level of culpability required "to shock the contemporary conscience" falls along a spectrum dictated by the circumstances of each case.  *County of Sacramento v. Lewis*, 523 U.S. 833, 847-49 & n.8, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998). Our case law establishes three distinct categories of culpability depending on how much time a police officer has to make a decision.  *Haberle*, 885 F.3d at 177.  In one category are actions taken in a "hyperpressurized environment[.]"  *Id.* (citation omitted).  They will not be held to shock the conscience unless the officer has "an intent to cause harm."  *Id.* (citation omitted).  Next are actions taken within a time frame that allows an officer to engage in "hurried deliberation."  *Id.* (citation omitted).  When those actions "reveal a conscious disregard of a great risk of serious harm" they will be sufficient to shock the conscience.  *Id.* (quotation marks and citation omitted).  Finally, actions undertaken with "unhurried judgments," with time for "careful deliberation," will be held to shock the conscience if they are "done with deliberate indifference."  *Id.* (citation omitted).  Our case law is clear that this "shocks the conscience" framework for analysis applies to police-pursuit cases.  *Brown v. Pa. Dep't of Health & Emergency Med. Servs. Training Inst.*, 318 F.3d 473, 480 (3d Cir. 2003); *cf. Kedra v. Schroeter*, 876 F.3d 424, 432, 448 (3d Cir. 2017) (relying on pre-2014 case law to conclude that the state-created danger doctrine was a clearly established theory of liability in September 2014).

*Sauers*, 905 F.3d at 717-18.

Here, Defendants argue that the "intent to cause harm" standard applies because their pursuit of Charnik was a "hyperpressurized environment."  Br. in Supp. 9-10.  Plaintiff argues that the intermediate standard "conscious disregard of a great risk of serious harm" applies.  Br. in Op. 2.

The Complaint alleges that "Defendant Powell acted with deliberate indifference to the risk of danger posed to [Plaintiff] by recklessly and unreasonably shooting at Charnik."  Compl. ¶ 35. Further, the Complaint alleges facts that the police were pursuing an "unarmed Charnik over the

mere theft of a bicycle." Compl. ¶ 37.  Based on the allegations in the Complaint, the Court agrees with Plaintiff that the "conscious disregard of a great risk of serious harm" standard applies.  The facts as alleged are more similar to those in *Sauers*, where a police officer was pursuing an individual for a minor traffic violation and the Third Circuit held that the "conscious disregard" standard applied.  903 F.3d at 718.  The Court acknowledges that the individual in *Sauers* was not fleeing from the police, while here, Charnik was.  However, based strictly on the allegations in the Complaint, the Court finds that the facts here are more closely related to those in *Sauers* compared with cases where a police officer is responding to an emergency situation.  Therefore, the Court finds that the "conscious disregard" standard applies.  The Court, of course, acknowledges that discovery may reveal additional facts that cause the Court to reconsider what standard applies.

Knowing that the "conscious disregard of a great risk of serious harm" standard applies, the Court must determine whether the facts as alleged meet this standard.  The Court finds that, taking the facts in the light most favorable to Plaintiff, a reasonable jury may conclude that they do.  While the parties have not directed the Court to any case law precisely on point, and the Court has not identified any itself, courts in this circuit have found that injury to bystanders as a result of a police officer's alleged reckless conduct during police chase meets the "conscious disregard" standard.  *See Sauers*, 903 F.3d at 718; *Igwe v. Skaggs*, Civil Action No. 16-1403, 2017 WL 395745, at *4 (W.D. Pa. Jan. 30, 2017).  Therefore, Plaintiff has sufficiently alleged facts to state a claim as to the second element.

Moving to the third element, Plaintiff must allege that a relationship between the state and the plaintiff existed such that the plaintiff was a foreseeable victim of the defendant's acts, or that she is a member of a discrete class of persons subjected to the potential harm brought about by the state's actions, as opposed to a member of the public in general.  A plaintiff need only establish

that the relationship at issue "contemplates some contact such that the plaintiff was a foreseeable victim of the defendant's acts in a tort sense." *Morse*, 132 F.3d at 912 (quoting *Kneipp*, 95 F.3d at 1209 n.22).

Defendants argue that Plaintiff has not pled any facts that would suggest that a special relationship existed or that any harm to Plaintiff was not foreseeable to Defendants.  Br. in Supp. 6, 9.  The Court disagrees.  Plaintiff has alleged facts that she was a foreseeable victim for the same reasons articulated by the Court in discussing the first element.  Specifically, Plaintiff alleges that "Defendant Powell knew there was someone in the line of fire when he shot at Charnik."  Compl.  ¶ 31.  Further, Plaintiff alleges that "Defendant Powell knew or should have known that unreasonably shooting at Charnik endangered/would endanger [Plaintiff]."  *Id.* at ¶ 34.  For these reasons, Plaintiff has alleged facts to support the third element.

Turning to the fourth element, Plaintiff must allege that a state actor affirmatively used his or her authority in a way that created a danger to the citizen or that rendered the citizen more vulnerable to danger than had the state not acted at all.  In *Bright v. Westmoreland County*, 443 F.3d 276 (3d Cir. 2006), the Third Circuit stated that

> [l]iability under the state-created danger theory is predicated upon the states' *affirmative acts* which work to the plaintiffs' detriments in terms of exposure to danger."  *D.R. by L.R. v. Middle Bucks Area Vo. Tech. School*, 972 F.2d 1364, 1374 (3d Cir. 1992) (en banc) (emphasis supplied); *Brown v. Grabowksi*, 922 F.2d 1097, 1100-01 (3d Cir. 1990) (finding that *DeShaney* holds "that a state's failure to take affirmative action to protect a victim from the actions of a third party will not, in the absence of a custodial relationship . . . support a civil rights claim").  It is misuse of state authority, rather than a failure to use it, that can violate the Due Process Clause.

*Bright*, 443 F.3d at 282.

Here, Plaintiff has alleged affirmative acts by Defendants.  The allegations at issue are not merely allegations of a failure to act by Defendants, instead, Plaintiff clearly alleges that Defendant

Powell acted by firing his gun in the vicinity of Plaintiff.  Compl. ¶ 36.  Therefore, Plaintiff has sufficiently alleged facts to support the fourth element.

Lastly, the Court must briefly address Defendants' last argument concerning *Monell* liability and the failure of Plaintiff to allege that a policy, practice, or custom was the moving force of Plaintiff's injuries.  Here, Plaintiff has only sued Defendants in their individual capacities.  Not in their official capacities.  Therefore, the Court need not determine whether Plaintiff has made allegations that would allow for liability against the municipality.

For the above reasons, Plaintiff has pled a valid state created danger claim and Defendants' Motion to Dismiss Count I is denied.

## IV.    Conclusion

For the reasons discussed above, the Court will deny Defendants' Motion to Dismiss as to Count I.  An appropriate Order of Court will follow.

BY THE COURT:

*/s/Robert J. Colville*
Robert J. Colville
United States District Judge

DATED: March 27, 2024

cc/ecf: All counsel of record